# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

KEVIN T. SINGER,

                Plaintiff,

v.                                                     Case No. 05-C-1040

MATTHEW J. FRANK, PHIL KINGSTON,
GARY R. McCAUGHTRY, MARC CLEMENTS,
BRUCE MURASKI, OFFICER McCARTHY
and OFFICER MASSIE,

                Defendants.

# ORDER

The plaintiff, Kevin T. Singer, who is presently incarcerated at the Waupun Correctional Institution ["WCI"], lodged a *pro se* civil rights complaint under 42 U.S.C. § 1983. By order of January 20, 2006, the court determined that the plaintiff's complaint which contained due process, First Amendment, and equal protection claims concerning the alleged seizure of his role-playing publications and manuscript survived screening under 28 U.S.C. §1915A . (Docket #14.) As a result, the court ordered the plaintiff to serve upon each defendant a copy of the complaint, a waiver of service form and/or the summons, and a copy of the screening order. (Docket # 14.)

By order of May 25, 2006, the court determined that none of the defendants had yet been served with the summons and complaint and that the 120-day period for completing such service under Rule 4(m), Federal Rules of Civil Procedure, had expired. As a result, the court notified the plaintiff that unless service of process was effected upon the defendants within 20 days after receipt of the order, the action would

be dismissed, without prejudice. *See Singer v. Frank*, 05-C-1040 (Order of May 25, 2006, at 2) (citing Civil Local Rule 41.1 (E.D. Wis.).) Presently before the court is the plaintiff's "Motion for Stay of Execution" of the May 25, 2006, order and his "Motion for Appointment of Counsel. Both of these motions will be addressed herein.

## I. MOTION FOR STAY OF EXECUTION

On July 31, 2006, defendant Matthew Frank filed an answer in this case. Thus, it is clear that service has been accomplished with respect to him. In the plaintiff's motion to stay the order of May 25, 2006, the plaintiff requests that "the court not execute its May 25th, 2006 order and not dismiss the current action against defendants Bruce Muraski, Officer Massie, and Phil Kingston." Pl's Motion for Stay at 3. The plaintiff contends that these defendants should not be dismissed for failure to serve because the following steps were made to execute service: (1) he sent a copy of the complaint and summons "for each defendant to the defendants['] counsel; (2) he sent "copies of the complaint and summons to the records office at the institution"; and (3) he sent copies "by certified mail to the records office at the institution" and "to the Attorney General's Office." *Id.* at 1-2.

By letter of July 17, 2006, Assistant Attorney General Ma Manee Moua informed Mr. Singer that she had received his "Notice of Lawsuit and Request for Waiver of Service of Summons" for defendants Phil Kingston, Bruce Muraski and Correctional Officer Massie" and that "[a]n answer from [those] three defendants [would] be served upon the Court . . . within 60 days after July 11, 2006." Based on this information, it appears that the plaintiff has effected service upon defendants Kingston, Muraski and

2

Massie. Thus, his motion for stay of execution of the May 25, 2006 order with respect to these three defendants will be granted.

The plaintiff has not asked that the court to stay execution of its May 25, 2006, order with respect to defendants Gary McCaughtry, Marc Clements and Correctional Officer McCarthy. Indeed, the record indicates that these defendants still have not been properly served. For instance, a letter to the plaintiff from Assistant Attorney General Moua dated July 6, 2006, indicates that while the plaintiff had mailed copies of the summons and complaint to the WCI records office, she was not authorized to accept the waiver of service of summons for defendants McCaughtry, Clements and McCarthy because they were no longer employed at WCI. The plaintiff has not provided the court with any information concerning the steps he has taken to effect service on defendants McCaughtry, Clements and McCarthy since receiving that information from Assistant Attorney General Moua. Therefore, in accordance with the May 25, 2006, order and Civil Local Rule 41.1, defendants McCaughtry, Clements and McCarthy will be dismissed from this action, without prejudice.

## II. MOTION FOR APPOINTMENT OF COUNSEL

The plaintiff asks that an attorney be appointed to represent him in this case because he is indigent,[1] the case is complex, he is unable adequately to prosecute the case, he is unable to do adequate legal research, he will have problems cross-

---

[1] Initially, the plaintiff filed a petition for leave to proceed *in forma pauperis* but he withdrew that petition by letter of December 29, 2005, after he paid the filing fee in full. In support for his instant contention that he is indigent, the plaintiff has provided the court with a document entitled "Writ of In Forma Pauperis." A review of the writ reveals that the plaintiff did not include a certified copy of his prison trust account statement from the previous six months in support of his contention that he is indigent.

3

examining witnesses and the rights of other inmates are implicated in this case. *See* Pl's Motion for the Appointment of Counsel at 1-3. Although civil litigants do not have a constitutional or statutory right to counsel, this court has the discretion to request attorneys to represent indigents in appropriate cases pursuant to 28 U.S.C. § 1915(e)(1). *Luttrell v. Nickel*, 129 F.3d 933, 936 (7th Cir. 1997) (citing *Zarnes v. Rhodes*, 64 F.3d 285, 288 (7th Cir. 1995)). As a threshold matter, litigants must make a reasonable attempt to secure private counsel on their own. *Zarnes*, 64 F.3d at 288. Once this threshold burden has been met, the court must address the following question: given the difficulty of the case, does this plaintiff appear to be competent to try the case himself and, if not, would the presence of counsel likely make a difference in the outcome of the case. *Id.* (citing *Farmer v. Haas*, 990 F.2d 319, 322 (7th Cir. 1993)).

Here, the plaintiff has not demonstrated that he has made any effort to secure counsel or that such effort was unsuccessful. Accordingly, because he has not met his threshold burden, the plaintiff's motion will be denied, without prejudice. Accordingly,

**IT IS THEREFORE ORDERED** that plaintiff's "Motion for Stay of Execution" of the May 25, 2006, order with respect to defendants, Kingston, Muraski and Massie be and the same is hereby **GRANTED**.

**IT IS FURTHER ORDERED** that in accordance with the May 25, 2006, order and Civil Local Rule 41.1, defendants McCaughtry, Clements and McCarthy be and the same are hereby **DISMISSED** from this action, without prejudice.

4

**IT IS FURTHER ORDERED** that plaintiff's "Motion for the Appointment of Counsel" be and the same is hereby **DENIED**, without prejudice.

Dated at Milwaukee, Wisconsin, this 15th day of August, 2006.

BY THE COURT:

s/J.P. Stadtmueller
J.P. STADTMUELLER
U.S. District Judge